IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | } | Case Nos. 01-6-4463 |
| | } | through |
| RAILWORKS CORPORATION, *et al.*, | } | 01-6-4485 |
| | } | (Chapter 11) |
| Debtors. | } | (Jointly Administered under |
| | } | Case No. 01-6-4463) |

**AFFIDAVIT OF CONDITIONAL CONSENT TO DEBTORS'
EMERGENCY MOTION PURSUANT TO 11 U.S.C. Sections 105, 361, 362,
363, 364, 503(b) and 507 FOR ENTRY OF ORDERS AUTHORIZING
DEBTORS TO OBTAIN EMERGENCY POST-PETITION FINANCING,
ETC, ("THE EMERGENCY MOTION")**

STATE OF NEW YORK )
                  )ss.:
COUNTY OF QUEENS  )

IRA M. FRIEDMAN, being duly sworn, deposes and says:

1. I am an officer, i.e. Executive Vice President, of I.G. FEDERAL ELECTRICAL SUPPLY CORP., a New York corporation with a place of business at 47-20 30th Street, Long Island City, New York 11101 ("I.G. FEDERAL").



2. The Debtors are indebted to I.G. FEDERAL in the aggregate amount of $810,000.

3. Said debt arises from the sale of electrical equipment furnished by I.G. FEDERAL to the Debtors for various public improvements and private work in the New York area.

4. I.G. FEDERAL has timely filed Notices of Mechanics Lien under *LIEN LAW* (New York) for account of *(1)* public improvements, and *(2)* private projects, for each of the jobs and locations at which materials were supplied.

5. Funds in the Debtors' possession, or in the form of receivables representing work performed and materials supplied at the locations covered by I.G. FEDERAL's mechanics liens, are, moreover, Trust Funds as provided in Sections 71, 72 and 77, Article 3A of *LIEN LAW* (New York), and to the extent such assets are Trust Funds, they cannot be "primed" by the borrowings contemplated by the Emergency Motion. See, **Aquilino v. United States**, 10 N.Y.2d 271, 281, 176 N.E.2d 826, 832, 219 N.Y.S.2d 254, 263 (1965) ("Our conclusion, then, is that, as a matter of New York law, a contractor does not have a sufficient beneficial interest in the moneys, due or to become due from the owner under the contract, to give him a property right in them, except insofar as there is a

balance remaining after all subcontractors and other statutory beneficiaries have been paid." *Id*); *City of New York v. Cross Bay Contracting Corp.*, 93 N.Y.2d 14, 709 N.E.2d 459, 686 N.Y.S.2d 750 (1999).

| OWNER | PROJECT | AMOUNT |
|---|---|---|
| NYCTA/MTA | CANARSIE LINE | $22,853.17 |
| NYCTA/MTA | FLUSHING LINE | $25,523.19 |
| NYCTA/MTA | 9TH AVENUE SUBST. | $6,395.62 |
| NYCTA/MTA | WHITE PLAINS II | $35,766.38 |
| NYCTA/MTA | BMT 7 STATION | $60,689.96 |
| DASNY | CUNY BARUCH | $62,909.20 |
| BEAR STEARNS | 383 MADISON | $134,408.44 |
| RANDOM HOUSE | 1745 BROADWAY | $240,914.09 |
| BANK OF AMERICA | 9 WEST 57TH STREET | $63,602.52 |
| PORT AUTHORITY | AIR TERMINAL | $58,787.56* |
| NYCTA | A-35742 | $29,814.33 |
| FIBERNET | 1120 AVE. AMERICAS | $10,473.71 |

6. I have been advised by sources within our industry, that L.K. COMSTOCK & COMPANY ("COMSTOCK") and TRAVELERS GROUP intend to "bond" our mechanics liens and liquidate COMSTOCK's accounts

receivable without first paying sums owed to I.G. FEDERAL for the electrical equipment that we furnished to COMSTOCK.

7.　　I.G. FEDERAL's trust fund claims, above listed may not, however, be discharged by an undertaking issued pursuant to *LIEN LAW* (New York) Section 19 subd. 4. A mechanics lien bond merely removes I.G. FEDERAL's mechanics liens from the project owner's property or accounts. A Mechanics lien bond does not avoid the trust impressed on any payments paid or payable to COMSTOCK. See *LIEN LAW* (New York) Section 77 subd. 3 (a) (v) & (vi).[1]

---

[1] § 77. Action to enforce trust

1. A trust arising under this article may be enforced by the holder of any trust claim, including any person subrogated to the right of a beneficiary of the trust holding a trust claim, in a representative action brought for the benefit of all beneficiaries of the trust. An action to enforce the trust may also be maintained by the trustee. In any such action, except as otherwise provided in this article, the practice, pleadings, forms and procedure shall conform as nearly as may be to the practice, pleadings, forms and procedure in a class action as provided in article nine of the civil practice law and rules; provided, however, that in determining whether the prerequisites of a class action have been satisfied, the provisions of paragraph one of subdivision (a) of section nine hundred one of such law and rules may be waived at the discretion of the court.

2. Such action may be maintained at any time during the improvement of real property, or home improvement, or public improvement and successive actions may be maintained from time to time during the improvement provided no other such action is pending at the time of the commencement thereof. No such action shall be maintainable if commenced more than one year after the completion of such improvement or, in the case of subcontractors or materialmen, after the expiration of one year from the date on which final payment under the claimant's contract became due, whichever is later, except an action by the trustee for final settlement of his accounts and for his discharge.

3. (a) The relief granted in any such action may include any or all of the following:

(i) Relief to compel an interim or final accounting by the trustee; to identify and recover trust assets in the hands of any person together with interest accrued thereon from the time of the diversion. Interest shall be computed at the rate equal to the underpayment rate set by the commissioner of taxation and finance pursuant to subsection (e) of section one thousand ninety-six of the tax law; to set aside as a diversion any unauthorized payment, assignment or other transfer, whether voluntary or involuntary; to enjoin a diversion; to recover damages for breach of trust or participation therein;

4

*LIEN LAW,* Section 77 provides the exclusive remedies applicable to the equitable lien impressed upon statutory trust funds due the Debtors are controlled by *LIEN LAW*, Section 77, requiring that a representative action must be brought by an eligible trustee. New York *LIEN LAW*, Section 77 subd. 1. *In re Grosso*, 9 B.R.815 (N.D.N.Y.).

---

(ii) Enforcement on behalf of the trust of any right of action constituting a trust asset;
(iii) Determination of the existence and amount of any trust asset or of any trust claim;
(iv) An order terminating or limiting the authority of the trustee in the application of trust assets or of any trust asset, or directing the time and manner of application of a trust asset or part thereof;
(v) An order requiring the trustee to give security to ensure the proper distribution of the trust assets, either during the pendency of the action or thereafter, or to furnish assurance therefor in any other manner, if it appears that there is danger that such assets or asset will be dissipated before judgment or diverted from trust purposes;
(vi) An order for distribution of any trust assets available for distribution, either with respect to the entire trust or with respect to particular assets of the trust, or for retention of particular assets for future distribution. Where the holder of any trust assets is a trustee or a transferee who received the assets with the knowledge that they were trust funds, an order for distribution and retention for future distribution of any trust assets shall include the amount of diverted funds plus interest from the time of the diversion to the date of such order;
(vii) Settlement of the interim or final account of the trustee;
(viii) Final discharge of the trustee at the termination of the trust, or discharge of the trustee with respect to the application of specific trust assets;
(ix) Such other and further relief as to the court may seem necessary and proper;
(x) Any provisional or ancillary relief incident to any of such relief.
(b) Any relief pursuant to subparagraphs (i), (ii), (iii), (iv), (v), (ix), or (x) of paragraph (a) shall be deemed to be for the benefit of the entire class of trust beneficiaries, including persons who may become trust beneficiaries at any time before the termination of the trust. Except as provided in subdivision four of this section, relief pursuant to subparagraph (vi) shall also be deemed to be for the benefit of such entire class, but unless the court shall otherwise direct, only those persons shall be entitled to share in any distribution of the trust assets who are trust beneficiaries at the time of entry of the judgment under which distribution is to be made and who have appeared in the action or filed their claims in such manner and within such time as the court shall direct, and whose claims are due and payable at the date for distribution as set by the order of the court and either are undisputed by the trustee or have been determined in the action.
NY LIEN LAW § 77.

8.  Since trust funds are not assets of the Debtor's estate, moreover, the disposition of I.G. FEDERAL's trust claims are not core proceedings, 28 U.S.C. Section 157 (4). Court's jurisdiction to approve a Lien Law Trustee and entertain an action to enforce the many trusts arising from funds earned by Debtor, must be determined under 28 U.S.C. Section 1332. See, *In re Colby Construction Corp., Debtor*, 76 B.R. 50, 53 S.D.N.Y. 1987).

9.  The Emergency Motion appears to assume that "no existing first priority liens, if any, in favor of parties other than the Pre-Petition lenders will be primed" and that "the Emergency DIP Financing will be further secured*** by first priority liens on property of the Debtors' estate that is not otherwise subject to lien, if any, ***"(Application, page 3).

10. Based on the foregoing, I.G. FEDERAL has no objection to the proposed lending.

11. If, however, any effort is made to prime I.G. FEDERAL's valid, first priority liens on the Debtors' property or on Trust Funds in the Debtors' possession, as set out above, I.G. FEDERAL specifically reserves the right to object to any such priming or use of such Trust Funds unless I.G. FEDERAL has first been paid.

**12.** I.G. FEDERAL does object, on the other hand, to any order of this Court that authorizes the Debtor to collect and distribute any funds that are subject to *LIEN LAW* (New York), Article 3A, whether or not any mechanics liens filed and perfected by I.G. FEDERAL have been "discharged" by Order entered under *LIEN LAW* (New York) Section 19.

_____, Exec VP
IRA FRIEDMAN

Sworn to before me
this 2nd day of October, 2001.

_____
Notary Public

HECTOR ARMOGAN
Notary Public, State of New York
No. 01AR6018462
Qualified in Queens County
Commission Expires Jan. 11, 200

igfederal\objection

7


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AFFIDAVIT OF CONDITIONAL CONSENT TO DEBTORS' EMERGENCY MOTION FOR POST-PETITION FINANCING, etc. (OBJECTION) has been mailed *VIA FEDERAL EXPRESS and PRIORITY MAIL SERVICE*, postage prepaid to the following parties:

# SERVICE LIST

## VIA FEDERAL EXPRESS

**EDMOND GOLDBERG, ESQ.**
*Assistant United States Trustee*
Office of the United States Trustee
300 West Pratt Street, Suite 350
Baltimore, MD 21201
*[Via Federal Express]*

**SHAPIRO, SHER & GUINOT**
*Attorneys for the Creditors Committee*
36 South Charles Street
Baltimore, MD 21201
Attention: Joel Sher, Esq.
*[Via Federal Express]*

**WILKIE FARR & GALLAGHER**
*Co-Counsel for and on behalf of Debtors and Debtors-In-Possession RAILWORKS CORPORATION, et al.*
787 Seventh Avenue, New York, New York 10019
Attention: Messrs. Paul V. Shalhoub, Esq. and Steven Wilamowsky
*[Via Federal Express]*

**BINGHAM DANA, LLP.**
*Co-Counsel for and on behalf of Travelers Group*
One State Street, Hartford, Connecticut 06103
Attention: G. Eric Brunstad, Esq.
*[Via Federal Express]*

CLERK'S OFFICE
**United States Bankruptcy Court**
District of Maryland : Baltimore Division
101 West Lombard Street
Baltimore, MD 21201
*[Via Federal Express]*

**HORN & BENNETT, P.A.**
Local Counsel to
I.G. FEDERAL ELECTRICAL SUPPLY CORP.
200 East Lexington Street, Suite 200
Baltimore, MD 21202
Phone: (410) 727-2168
*Attention: DAVID F. ALBRIGHT, JR.*
*[Via Federal Express]*

# VIA PRIORITY MAIL:

**THEODORE C. WHITEHOUSE**
*Co-Counsel for and on behalf of Debtors and Debtors-In-Possession*
*RAILWORKS CORPORATION, et al.*
Three Lafayette Center
1155 21st Street, NW, Washington, D.C. 20036-3384
*[Via Priority Mail]*
and
**WHITEFORD, TAYLOR & PRESTON, LLP.**
*Local Counsel for Debtors and Debtors-In-Possession*
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202
Attention: Martin T. Fletcher, Dennis J. Schaeffer, and J. Daniel Vorsteg, Esqs.
*[Via Priority Mail]*

**VENABLE, BAETJER AND HOWARD, LLP.**
*Co-Counsel for and on behalf of the Emergency DIP Lenders*
Two Hopkins Plaza, Suite 1800, Baltimore, Maryland 21201
Attention: Gregory A. Cross, Esq.
*[Via Priority Mail]*
and

**DEWEY BALLENTINE LLP.**
*Co-Counsel for and on behalf of the Emergency DIP Lenders*
1301 Avenue of the Americas, New York, New York 10019
Attention: Messrs. Michael J. Sage, Esq. and Eric M. Kay, Esq.
*[Via Priority Mail]*

**OBER KALER**
*Co-Counsel for and on behalf of Administrative Agent for the Pre-Petition Lenders and the Bank Group*
120 East Baltimore Street, Baltimore, Maryland 21202
Attention: Monique D. Almy, Esq.
*[Via Priority Mail]*

**MOORE & VAN ALLEN, PLLC**
*Co-Counsel for and on behalf of Administrative Agent for the Pre-Petition Lenders and the Bank Group*
100 N. Tryon Street, 49th Floor
Charlotte, North Carolina 28202
Attention: Messrs. David Eades, Esq. and Alan Pope, Esq.
*[Via Priority Mail]*

_____, Exec VP
**IRA M. FRIEDMAN,**
Executive Vice-President
*I.G. FEDERAL ELECTRICAL SUPPLY*
47-20 30th Street, 2nd Floor
Long Island City, NY 11101
(718) 729-5700

Chapter 11 Case No. 01-6-4463

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND : BALTIMORE DIVISION

In re:

RAILWORKS CORPORATION, *et al.*

        Debtors.

# I.G. FEDERAL'S AFFIDAVIT OF CONDITIONAL CONSENT
## TO DEBTOR'S EMERGENCY MOTION FOR POST-PETITION FINANCING

**GUTMAN & GUTMAN**
*Attorneys for I.G. FEDERAL ELECTRICAL SUPPLY CORP.*
33 Main Street
Port Washington, New York 11050
(516) 944-0301

To

Attorneys for

Service of a copy of the within        is hereby admitted

Dated,

                                                                   Attorneys for

Sir-Please take notice
  Notice of entry
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court
on        19
  Notice of Settlement
that an order         of which the within is a true copy will be presented for settlement to the
HON.              one of the judges of the within named court, at          on
19   at        M.
Dated                                        Yours, etc.
                                          GUTMAN & GUTMAN