SO ORDERED

Date signed December 02, 2004



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | * | |
| RAILWORKS CORPORATION, et al., | * | Case No. 01-64463 through 01-64485 |
| | | Chapter 11 |
| Debtors. | * | |
| | | Jointly Administered Under |
| | * | Case No. 01-64463-SD |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND MEMORANDUM OPINION DENYING DEBTORS' MOTIONS FOR SUMMARY JUDGMENT ON ITS OBJECTIONS TO CLAIM NUMBERS: 246, 935, 1185, 2037, 0078, 2599, 2959, 1789, 0041, 2035, 2040, 2722, 2074, 1272 AND 1526.**

Facts

Debtors filed their Second Omnibus Objection to Allowance of Certain Claims on June 10, 2003, in which Debtors requested that certain claims that had been paid in full or overstated be reduced accordingly. Along with their omnibus objection, Debtors filed an affidavit from Robert Herschenfeld, the Vice President of L.K. Comstock & Company, Inc., one of the debtors under the

---

1   P. 1569 2nd omnibus objn.
    pp. 2576, 2577, 2580, 2581, 2582, 2583,
    2585, 2588, 2604, 2605, 2606, 2609,
    2610, 2612, 2959 - mns. for summ. jdmt.

joint reorganization.  Mr. Herschenfeld asserts in his affidavit that he has personal knowledge of the amount owing to each Claimant based on his review of the books of the Debtors.  Subsequently, on October 11, 2004 and October 27, 2004, Debtors filed several motions for summary judgment with respect to various claims listed in the omnibus objection to claim motion.  In support of the motions for summary judgment, Debtors again provide an affidavit from Mr. Herschenfeld, and in addition, provide a copy of the "Vendor History-Invoice Detail" for each claimant.  Each affidavit asserts that after a review of the books and records of Debtors, that the amount owing is either zero or some reduced amount.  Additionally, the affidavit further states that "after further review of the accounts payable history" for the individual claimant, the Debtors have satisfied, or reduced, the amount owing.  Based on this evidence, the accounts payable history for the Claimant and the affidavit, the Debtors move for summary judgment.  None of the Claimants at issue filed a response to either the objection to claim, or to the motion for summary judgment.

## Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed.2d 202 (1986).  A material fact is one that might affect the outcome of the suit, see id., 477 U.S. at 248; a genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." Id. at 248-49.  In determining the facts for summary judgment purposes, the court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to such affidavits.  Fed. R. Civ. P. 56(e).  Debtors have not established the absence of a genuine dispute of material fact with regard to the following claims, and therefore Debtors are not entitled to judgment as a matter of law.

| Claimant | Claim Number | Amount listed on Proof of Claim | Amount Debtor Requested to Reduce |
|---|---|---|---|
| Arbee Contracting Corp. | 246 | $445,904.00 | $0 |
| Carrier Enterprises, LLC | 935 | $116,807.51 | $0 |
| Delta Railroad Construction | 1185 | $126,914.77 | $0 |
| Eastern Caisson Corp. | 2037 | $136,111.90 | $0 |
| Electrical Distribution Services | 0078 | $324,060.49 | $0 |
| High Voltage Maintenance Corp. | 2599 | $102,221.00 | $0 |
| NEORAY | 2959 | $116,732.00 | $47,575.00 |
| United Rentals, Inc. | 1789 | $144,717.69 | $12,583.66 |
| Riggs-Distler & Co., Inc. | 0041 | $341,356.44 | $19,910.77 |
| Pelham Tool, Inc. | 2035 | $309,871.80 | $9,222.79 |
| Modern Suppliers, Inc. | 2040 | $466,724.04 | $3,639.36 |
| IG Federal Electric Supply | 2722 | $228,064.50 | $$1,850.91 |

3

| Graybar Electric Co., Inc. | 2074 | $708,659.04 | $7,538.99 |
| Kullman Industries, Inc. | 1526 | $348,377.00 | $0 |
| Colony Hardware Supply Co., Inc. | 1272 | $140,293.79 | $5,093.42 |

**Objection to Claims**

A proof of claim constitutes prima facie evidence of the validity and amount of the claim. In re Merry go Round, 241 B.R. 124, 134 (Bankr. D. Md. 1999) (citing Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a)); In re Friedman, 436 F. Supp. 234, 237 (D. Md. 1977). In order to overcome the presumptive validity, the objecting party "must produce evidence equal in probative force to the proof of claim." In re Merry Go Round, 241 B.R. at 134 (relying on In re Gates, 214 B.R. 467, 472 (Bankr. D. Md. 1997)). Once this burden of production has been met, "the burden of going forward shifts to the claimant, who must prove the validity of its claim by a preponderance of the evidence." Id.

Here, the Claimants listed above filed proofs of claim with invoices attached, establishing the presumptive validity of the debt and the amount actually owing. However, after carefully reviewing the evidence provided by both the Debtors and the Claimants, it appears that not one payment on the invoice detail provided by Debtors could be matched to any of the invoices provided with the following proofs of claims: 246, 2959, 1789, 0041, 2035, 2040, 2722, 2074, 1526 and 1272. In addition, for the remaining claims at issue: 935, 0078, 2037, 1185, and 2599, only a few invoices listed on the accounts payable history could be matched to those provided with the proof of claim, but not sufficient enough to reduce the claim to zero balance as requested in the relief sought by Debtors. Therefore,

Debtors have not overcome the presumptive validity accorded to Claimants, because Debtors have not provided evidence of equal probative force to constitute a defense to the proof of claim, e.g. proof of payment. See In re Gates, 214 B.R. at 472 ("In practical application, a proof of claim establishes prima facie, the elements of a cause of action against the debtor for the claim asserted. To overcome the prima facie validity, the objecting party must demonstrate by evidence, a defense to one or more elements of the cause of action asserted in the claim. . . ."). Accordingly, Debtors have failed to establish that there is not a genuine dispute of material fact with respect to those proofs of claims listed above.

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Debtor's Motion for Summary Judgment is DENIED with respect to the following claims: 246, 935, 1185, 2037, 0078, 2599, 2959, 1789, 0041, 2035, 2040, 2722, 2074, 1272 and 1526.

**End of Order**

cc:     Joel I. Sher, Esquire
        Shapiro Sher Guinot & Sandler
        36 S. Charles Street
        Suite 2000
        Baltimore, Maryland    21201

        Zvi Guttman, Litigation Trustee
        Law Offices of Zvi Guttman, P.A.
        P.O. Box 32308
        Baltimore, Maryland    21282

J. Daniel Vorsteg, Esquire
Whiteford, Taylor & Preston, LLP
Seven St Paul Street
Suite 1400
Baltimore, MD 21202

Office of the U.S. Trustee
300 West Pratt Street
Suite 350
Baltimore, Maryland   21201

Arbee Contracting Corp.
c/o Rhoda Bender, President
29 Arista Drive
Dix Hills, New York    11746

Carrier Enterprises, LLC
c/o J.D. Wright, Director of Credit
P.O. Box 27305
Richmond, Virginia    23261

Delta Railroad Construction
Ida L. Laurello, President
2648 West Prospect Road
Ashtabula, Ohio    44004

Eastern Caisson Corp.
Kenneth V. Mattson, Secretary
14963 Coke Court
New Freedom, PA    17349

Electrical Distribution Services
Kate Nugent, President
1077 River Road, Suite 803
Edgewater, New Jersey   07020

High Voltage Maintenance Corp.
Dee Klausman, Collection Supervisor

8760 Orien Place, Suite 110
Columbus, OH   43240


NEORAY
c/o Joseph F. Turner, Director of Credit
537 Johnson Avenue
Brooklyn, NY     11237

United Rentals, Inc.
c/o Ralph DeMassa, District Credit Manager
185 Thorpe Street
Fairfield, CT   06430

Riggs-Distler & Co., Inc.
c/o Howard S. Stevens, Esquire
Wright, Constable & Skeen, LLP
100 N. Charles Street, 16th Floor
Baltimore, Maryland    21201-3812

Pelham Tool, Inc.
c/o Toni Mulqueen, Credit Manager
21 Abendroth Avenue
Port Chester, NY     10573

Modern Suppliers, Inc.
c/o Patrick Barton, Esquire
Welby, Brady & Greenblatt, LLP
50 Main Street
White Plains, NY    10606

IG Federal Electric Supply
c/o Lawrence D. Eagan, Controller
47-20 30th Street
Long Island Cit, NY    11101

Graybar Electric Co., Inc.
J.P. Piduto, Director, Accounting & Finance
Mirick O'Connell DeMallie & Lougee, LLP

c/o Christine E. Devine, Esquire
100 Front Street
Worcester, MA    01608

Colony Hardware Supply Co., Inc.
c/o William Raffone, Controller
15 Stiles Street
New Haven, CT    06512


Kullman Industries, Inc.
Kevin Walsh, CFO
c/o Okin, Hollander & DeLuca, LLP
One Parker Plaza
Fort Lee, NJ    07024