**SO ORDERED**

**Date signed December 02, 2004**



**E. STEPHEN DERBY**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | * | |
| | | |
| RAILWORKS CORPORATION, et al., | * | Case No. 01-64463 through 01-64485 |
| Debtors. | | Chapter 11 |
| | * | |
| | | Jointly Administered Under |
| | * | Case No. 01-64463-SD |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### ORDER AND MEMORANDUM OPINION GRANTING DEBTORS' MOTIONS FOR SUMMARY JUDGMENT ON ITS OBJECTIONS TO CLAIM NUMBERS: 1474, 3104, 3105, 313, 240, 3129, 1960, 2213, 148, 2014, AND 1322.

### Facts

Debtors filed their Second Omnibus Objection to Allowance of Certain Claims on June 10, 2003, in which Debtors requested that certain claims that had been paid in full or overstated be reduced accordingly.  Along with their omnibus objection, Debtors filed an affidavit from Robert Herschenfeld, the Vice President of L.K. Comstock & Company, Inc., one of the debtors under the

P. 1569 2nd omnibus objn.
pp. 2578, 2579, 2584, 2586,
2587, 2589, 2590, 2603,
2607, 2611 - mns. for sj

1

joint reorganization.  Mr. Herschenfeld asserts in his affidavit that he has personal knowledge of the

amount owing to each Claimant based on his review of the books of the Debtors.  Subsequently, on

October 11, 2004 and October 27, 2004, Debtors filed several motions for summary judgment with

respect to various claims listed in the omnibus objection to claim motion.  In support of the motions for

summary judgment, Debtors again provide an affidavit from Mr. Herschenfeld, and in addition, provide

a copy of the "Vendor History-Invoice Detail" for each claimant.  Each affidavit asserts that after a

review of the books and records of Debtors, that the amount owing is either zero or some reduced

amount.  Additionally, the affidavit further states that "after further review of the accounts payable

history" for the individual claimant, the Debtors have satisfied, or reduced, the amount owing.  Based

on this evidence, the accounts payable history for the claimant and the affidavit, the Debtors move for

summary judgment.  None of the Claimants at issue filed a response to either the objection to claim or

to the motion for summary judgment.

## Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(c), made applicable by Fed. R. Bankr. P. 7056, summary

judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See also Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed.2d 202 (1986).  A material

fact is one that might affect the outcome of the suit, see id., 477 U.S. at 248; a genuine issue of material

fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving

2

party." Id. at 248-49. In determining the facts for summary judgment purposes, the court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to such affidavits. Fed. R. Civ. P. 56(e). The evidence provided establishes that there is no genuine dispute of material fact with regard to the following claims, and that Debtors are entitled to judgment as a matter of law.

| Claimant | Claim Number | Amount listed on Proof of Claim | Allowed Claim Amount |
|---|---|---|---|
| Collins Electrical Systems, Inc., | 1474 | $311,122.48 | $0 |
| Nelcorp COS of Md, Inc. | 3105 3104 | $371,196.77 $120,593.00 | $11,183.32 |
| Dixie Construction Co, Inc. | 1322 | $124,510.00 | $0 |
| Prude Construction Corp., | 1960 | $304,456.33 | $22,559.17 |
| C.J. Hood Company | 3129 | $129,000.00 | $0 |
| Kalwall Corporation | 313 | $286,350.00 | $0 |
| H.J Ross Assoc., Inc. | 2213 | $151,253.00 | $34,403.19 |
| Seaboard Systems Co., Inc. | 240 | $117,663.51 | $73,415.08 |
| Glenridge Fabricators | 148 | $640,051.00 | $60,473.56 |
| Safetran Systems Corp. | 2014 | $697,171.85 | $11,395.00 |

**Objection to Claims**

3

A proof of claim constitutes prima facie evidence of the validity and amount of the claim.  In re Merry Go Round, 241 B.R. 124, 134 (Bankr. D. Md. 1999) (citing Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(a)); In re Friedman, 436 F. Supp. 234, 237 (D. Md. 1977).  In order to overcome the presumptive validity, the objecting party "must produce evidence equal in probative force to the proof of claim." In re Merry Go Round, 241 B.R. at 134 (relying on In re Gates, 214 B.R. 467, 472 (Bankr. D. Md. 1997)).  Once this burden of production has been met, "the burden of going forward shifts to the claimant, who must prove the validity of its claim by a preponderance of the evidence."  Id.

Here, the claimants listed above filed proofs of claim that established the presumptive validity of the debt and the amount actually owing.  Claimants Collins Electrical Systems, Inc., Nelcorp COS of Md, Inc., Safetran Systems Corp., Seaboard Systems Co., Inc., H.J. Ross Associates, Inc., Glenridge Fabricators, Inc., and Dixie Construction Co, Inc. provided copies of invoices to establish the amount of debt owing.  Claimants, Prude Construction Corp. and Kalwall Construction, submitted only the proof of claim itself with its debt listed, and Claimant C.J. Hood Company simply provided a letter stating the amount owed, but did not provide invoices or other evidence.  In its motions for summary judgment, Debtors submitted the invoice detail reflecting accounts payable history for each claimant, establishing that each of these Claimants have been paid in full, or that the amount of debt owing has been reduced.  This sufficiently meets the burden of producing evidence of equal probative force with regard to each claimant's proof of claim.  Therefore, the burden having shifted back to the Claimants, each would be required to establish by a preponderance of the evidence the amount actually owing and due.  Because none of the Claimants filed a response to either the objection to claim or the motion for

summary judgment, the Debtor has established that there is no genuine dispute of material fact with regard to the amount owing to each claimant, and is entitled to judgment as a matter of law.

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Debtor's Motion for Summary Judgment is Granted with respect to the following claims: 1474, 3104, 3105, 313, 240, 3129, 1960, 2213, 148, 2014, and 1322; and it is further

**ORDERED**, that the allowed amount of each claim is set forth below:

| Claimant | Claim Number | Allowed Claim Amount |
|---|---|---|
| Collins Electrical Systems, Inc., | 1474 | $0 |
| Nelcorp COS of Md, Inc. | 3105 3104 | $11,183.32 |
| Dixie Construction Co, Inc. | 1322 | $0 |
| Prude Construction Corp., | 1960 | $22,559.17 |
| C.J. Hood Company | 3129 | $0 |
| Kalwall Corporation | 313 | $0 |
| H.J Ross Assoc., Inc. | 2213 | $34,403.19 |
| Seaboard Systems Co., Inc. | 240 | $73,415.08 |
| Glenridge Fabricators | 148 | $60,473.56 |
| Safetran Systems Corp. | 2014 | $11,395.00 |

**End of Order**

cc:    Joel I. Sher, Esquire
        Shapiro Sher Guinot & Sandler
        36 S. Charles Street
        Suite 2000
        Baltimore, Maryland    21201

        Zvi Guttman, Litigation Trustee
        Law Offices of Zvi Guttman, P.A.
        P.O. Box 32308
        Baltimore, Maryland   21282

        J. Daniel Vorsteg, Esquire
        Whiteford, Taylor & Preston, LLP
        Seven St Paul Street
        Suite 1400
        Baltimore, MD 21202

        Office of the U.S. Trustee
        300 West Pratt Street
        Suite 350
        Baltimore, Maryland   21201

        Collins Electrical Systems, Inc.,
        c/o Gregory P. Olsen, Controller
        4990 North Highway 169
        New Hope, MN   55428

        Nelcorp COS of Md, Inc.
        c/o Thomas O'Toole, Esquire
        9693 Gerwig Lane 1-S
        Columbia, MD    21046

        Kalwall Corporation
        c/o David O. Fogarty, Credit Manager
        1111 Candia Road
        Manchester, NH   03105

C.J. Hood Company
c/o Cynthia J. Hood, President
10 Hillcrest Lane
Old Greenwich, CT   06870


Prude Construction Corp.
c/o Jose A. Aquino, Esquire
Ross & Cohen, LLP
711 Third Avenue
New York, NY   10017

H.J Ross Assoc., Inc.
c/o Desiree Calas Johnson, Esquire
Jordan E. Bublick, P.A.
11645 Biscayne Boulevard, #208
Miami, Florida   33181

Seaboard Systems Co., Inc.
c/o Brian J. Baljoin, Treasurer
40 Pond Park Road
Hingham, MA   02043-4371

Glenridge Fabricators
Albert Putre, President
c/o Lazer, Aptheker, Feldman,
   Rosella & Yedid, P.C.
225 Old Country Road
Melville, NY   11747-2712

Safetran Systems Corp.
c/o Douglas A. Datt
Gavett and Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD   20855

Dixie Construction Co, Inc.
c/o Howard G. Goldberg
260 Hopewell Road

Churchville, MD   21028